MILLER et al. v. McWHORTER et al.

(Division B. May 20, 1935.)

[161 So. 672. No. 31734.]

Ross R. Barnett and P. Z. Jones, Jr., of Jackson, for appellants.

18

Graham & Graham, of Meridian, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

F. M. McWhorter filed an attachment in chancery in Lauderdale county, Mississippi, against Ralph Miller, principal defendant, and Tom Hamilton and wife, all nonresidents temporarily sojourning in Mississippi, for personal injuries and damages to a car belonging to plaintiffs occasioned by a collision between said car and a truck being driven by Miller on the streets of Meridian. There was personal service upon all the defendants within the state of Mississippi, the defendants filed answers to the bill, and the matter was at issue when, on September 5, 1933, interrogatories were filed in the office of the chancery clerk of Lauderdale county and served upon said appellants in accordance with the statute. These interrogatories not having been answered by the appellants, at the next term of the chancery court in November, 1933, motion was made to strike the pleadings of the appellants from the files and for a decree pro confesso for failure to

answer the interrogatories. This motion was not acted upon until December, 1933, when it was sustained, and the court was asked to award a writ of inquiry to assess the damages of the plaintiffs, appellees here, which the court did. The result of this writ of inquiry was a verdict and judgment for five hundred dollars in personam against the defendants.

On June 18, 1934, execution was issued upon the judgment against Miller and the Hamiltons, and certain trucks were levied upon under said writ of execution as follows: One V8 one and one-half ton truck, 1933 model; one International two and one-half ton truck, H. S. Alscott, 1928 model; one International two and one-half ton truck, H. S. Alscott, 1928 model; and one homemade four-wheel box trailer—and, the plaintiff having given an indemnifying bond, the sheriff advertised said trucks and trailer for sale. Thereupon the Louisians Show Company, Inc., filed a claimant's affidavit, and gave bond for said property in the sum of one thousand dollars, twice the amount of the original judgment against appellants.

On July 16, 1934, the plaintiff in execution moved the court to direct an issue to be made up for a trial to the right of the property. Issue not having been joined by the claimant at the next term of court, McWhorter made a motion to strike the claimant's affidavit and to award a writ of inquiry for failure to so join issue, which motion was by the court sustained, and a writ of inquiry awarded to find the value of the property. The sheriff's return showed that the value of the property was in excess of the amount of the bond, which was twice the amount of the judgment. This return of the sheriff was introduced in evidence, and personal judgment was rendered against the bondsmen and sureties, from which this appeal is prosecuted.

The appeal was not taken until February 2, 1935, more than one year after the judgment was rendered against Miller and the Hamiltons.

We cannot review the action of the court in rendering such judgment. The record shows that the court had jurisdiction of the subject-matter and of the parties, and its action was authorized by law, if supported by the facts, and we must hold that its judgment was supported by the facts.

We think the court was warranted in rendering judgment against the claimant's bondsmen for failure to join issue as required by law. When the complainant rested after introducing the sheriff's return as to the value of the property levied upon, the defendants moved to strike the evidence, and for a decree for insufficiency of proof to sustain the judgment. This was equivalent to setting the cause for final hearing upon the complainant's proof, and the court's action in so treating it, and refusing the defendants the right to introduce other evidence, is sustained.

It is also argued that the judgment should have condemned the property to be sold, and that personal judgment should not have been rendered against the claimant and its bondsmen. The record shows that the property was worth more than the penalty of the bond. Therefore there was no harmful error, if error at all, in rendering a personal judgment against the sureties on the bond. There is no showing in the record as to whether the property was within the state or what its condition or value was at the time of the rendition of the judgment. Therefore the judgment of the court below will be affirmed.

Affirmed.